IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY a/s/o Precision Castparts Corp., <br> Plaintiff, <br> v. <br> RAJWANT KAUR d/b/a Lifetime Cargo, *et al.*, <br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-18-1107 |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Doc. # 8] filed by Defendants Rajwant Kaur and Lifetime Cargo, Inc. ("Lifetime"). Plaintiff Zurich American Insurance Company ("Zurich"), as subrogee of Precision Castparts Corp. ("PCC"), filed a Response [Doc. # 13], and Defendants filed a Reply [Doc. # 14]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I. BACKGROUND

PCC manufactures structural castings and forged components. PCC owned a Behringer HBM-540A automatic horizontal bandsaw machine (the "Saw") used in its business.

In May 2017, PCC needed to move the Saw from a Wyman-Gordon[1] facility to a facility owned by Standard Machine Works, both located in Houston, Texas. PCC hired Lifetime to move the Saw. Defendant Damond Doyle loaded the Saw onto a flatbed trailer and covered it with a tarp. Zurich alleges that during the trip to the Standard Machine Works facility, the Saw struck the underside of an overpass, tearing the Saw from the flatbed trailer and "scattering pieces of the unit all over eastbound Interstate 10 . . .." *See* Complaint [Doc. # 1], p. 15. Zurich alleges that the Saw could not be repaired and was, therefore, designated a total loss.

Zurich paid its insured, PCC, the entire loss amount of $173,000.00, with no deductible. *See* Subrogation Receipt, Exh. 1 to Complaint. Having received full payment for its loss, PCC assigned to Zurich and subrogated all its rights and claims against Defendants related to the loss of the Saw. *See id.*

Zurich then filed this lawsuit as PCC's subrogee to recover the $173,000.00 from Defendants. Zurich alleges "negligence, breach of contract, breach of bailment, willful misconduct or violation of the statutory and regulatory duties of a forwarder or transportation broker or common carrier." *See id.*, ¶ 18. Zurich also "invokes and relies upon the doctrine of *res ipsa loquitur*." *Id.*, ¶ 21. Kaur and Lifetime moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal

---

[1] Wyman Gordon is a PCC company. *See* Complaint, ¶ 14.

Rules of Civil Procedure, arguing that complete diversity is lacking.[2] The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    RULE 12(b)(1) STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). "In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahou*, 751 F.3d 303, 307 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2)

---

[2] It is undisputed that the $75,000.00 jurisdictional amount for diversity jurisdiction under 28 U.S.C. § 1332(a) is present in this case.

the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

### III. ANALYSIS

It is undisputed that all Defendants are citizens of Texas. It is similarly undisputed that Plaintiff Zurich is a New York corporation with its principal place of business in Illinois. As a result, Zurich has demonstrated that there exists complete diversity of citizenship between it and Defendants.

Defendants argue that an "insurance company is considered to be a citizen of every state where the insured is a citizen." *See* Motion to Dismiss, ¶ 3 (citing 28 U.S.C. § 1332(c)(1); *Ljuljdjuraj v. State Farm Mut. Auto. Ins.*, 774 F.3d 908, 910 (6th Cir. 2014)). Under the clear language of the statute, and the Sixth Circuit's holding in *Ljuljdjuraj*, § 1332(c)(1) applies only to a direct action against the insurer. In this case, Zurich is suing as PCC's subrogee and, therefore, § 1332(c)(1) does not apply.

Instead, a federal court determines jurisdiction based "only upon the citizenship of real parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461

(1980); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Where, as here, "the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949); *St. Paul*, 409 F.3d at 81. As stated above, there is complete diversity between Zurich, the subrogee who has paid the entire loss, and Defendants.[3] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and the Motion to Dismiss is denied.

## IV. CONCLUSION AND ORDER

Zurich has satisfied its burden to demonstrate complete diversity of citizenship between the parties. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc #8] is **DENIED**.

SIGNED at Houston, Texas, this **3rd** day of **July, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Defendants argue that Wyman-Gordon is a Texas corporation, and that PCC's subsidiary PCC Energy has its principal place of business in Texas. These entities are not parties to this lawsuit and, as explained herein, there is no legal or factual basis for considering their citizenship in the jurisdictional analysis.